UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULYSSES ALEXANDER RIOS,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>    Respondent. | Case No. 15-01357 BLF (PR)<br><br>**ORDER DENYING MOTION FOR STAY; DEEMING MATTER SUBMITTED**<br><br><br>(Docket No. 56) |

Petitioner, a state prisoner proceeding *pro se*, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction out of Santa Clara County. Respondent filed an answer on June 15, 2020. Dkt. No. 44. Since then, Petitioner has been granted four generous extensions of time to file a traverse, such that the final deadline was set for June 27, 2021. Dkt. Nos. 47, 50, 52, 54.

Petitioner has filed a motion for a stay in order to exhaust an additional "subclaim" of ineffective assistance of counsel based on counsel's alleged failure to request a severance. Dkt. No. 56 at 1. However, Petitioner entered a no contest plea in the underlying conviction, which in California is the functional equivalent of a guilty plea. *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010). A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the

deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations). The only challenges left open in federal habeas corpus after a guilty plea is the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Id.*; *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004). This is precisely the claim that was raised in this action, and to which Respondent has answered on the merits. Dkt. No. 44. Accordingly, the motion for a stay is DENIED as the proposed claim which Petitioner seeks to exhaust is not cognizable.

Petitioner was clearly advised that his fourth extension of time to file a traverse would be his last. Dkt. No. 54. The deadline of June 27, 2021 has passed. Accordingly, the matter is deemed submitted.

This order terminates Docket No. 56.

**IT IS SO ORDERED**

Dated: __June 28, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order Denying Stay; Deeming Matter Submitted
P:\PRO-SE\BLF\HC.15\01357Rios_deny-stay.submitted.docx

2